IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**DOUGLAS R. WILLIS, III,** :
: **CIVIL ACTION**
v. :
: **NO. 10-6876**
**MICHAEL J. ASTRUE,** :
**Commissioner of the** :
**Social Security Administration.** :
_____ :

## ORDER

**AND NOW**, this 18th day of July 2012, after careful review and independent consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 8], Defendant's Response thereto [Doc. No. 12], and Plaintiff's Reply [Doc. No. 16], as well as the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport [Doc. No. 17], to which no objection has been filed, and the Record herein, it is hereby **ORDERED** as follows:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation is **APPROVED AND ADOPTED** with modification;[1]

---

[1] In this action, brought pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. United States Magistrate Judge Arnold C. Rapoport issued a Report and Recommendation ("R&R") in which he found three errors requiring remand: (1) the Administrative Law Judge ("ALJ") erred by improperly relying on the Medical-Vocational Guidelines to direct a finding that Plaintiff was not disabled; (2) the ALJ erred by failing to include twisting and reaching limitations in making his findings regarding Plaintiff's Residual Functional Capacity ("RFC") despite his acceptance of the physicians' medical opinions which included these limitations; and (3) the ALJ erred by failing to properly develop evidence of Plaintiff's mental limitations, in that he should have ordered a psychiatric consultative examination.

The Court agrees with Judge Rapoport's first finding that the ALJ improperly relied on the Medical-

3. Plaintiff's Request for Review is **GRANTED**;

4. The case is **REMANDED** in accordance with 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation as modified by this order. Specifically, upon remand, the Administrative Law Judge should: (1) properly develop evidence of Plaintiff's mental limitations; (2) consider non-exertional as well as exertional limits, consistent with Social Security Acquiescence Ruling 01-1(3), in evaluating Plaintiff's Residual Functional Capacity ("RFC"); and (3) reevaluate Plaintiff's RFC determination after either accepting and including, or rejecting and explaining, Plaintiff's twisting and reaching limitations.

---

Vocational Guidelines to direct a finding of not disabled, and remands the matter to determine the extent to which Plaintiff's exertional and non-exertional limitations affect his ability to work. However, on remand, the Court directs the ALJ to comply with Social Security Acquiescence Ruling 01-1(3), 2001 WL 65745 at *4 (2001) (prior to denying disability benefits to a claimant with non-exertional limitations, the ALJ must either: (1) obtain vocational evidence; (2) provide administrative notice and give Plaintiff an opportunity to respond; or (3) cite to an applicable SSR and give sufficient explanation), which may (and likely should), but not must as the R&R suggests, include consulting a vocational expert. See Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 93-94 (3d Cir. 2007).

   The Court agrees with Judge Rapoport's second finding that the ALJ's failure to include Plaintiff's twisting and reaching limitations in his findings was an error, and remands the matter consistent with the R&R as to this basis.

   Finally, with respect to the third basis for remand, the Court agrees with Judge Rapoport's finding that the ALJ erred by failing to properly develop evidence of Plaintiff's alleged mental limitations. However, the Court disagrees with the finding that the ALJ erred by failing to order a psychiatric consultative examination. When a record contains "a suggestion of mental impairment," an "ALJ has a duty to develop the record . . . by inquiring into the present status of impairment and its possible effects on the claimant's ability to work." Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999); see 20 C.F.R. § 404.1520a(a) (2011). This obligation is heightened where as here, the Commissioner fails "to satisfy his obligation under 42 U.S.C. § 421(h) . . . to have a qualified psychiatrist or psychologist evaluate" an applicant's claim before making an initial determination that they are not disabled. Plummer, 186 F.3d at 434. However, "an ALJ is not required to employ the assistance of a qualified psychiatrist or psychologist in making a determination of mental impairment." Id. at 433. The ALJ was not required to order a psychiatric consultative examination, and the Court does not find that the ALJ's failure to do so was, in itself, error. Rather, the Court finds that the ALJ erred in failing to "inquir[e] into the present status of impairment and its possible effects on the claimant's ability to work." Id. at 434. Accordingly, the Court grants Plaintiff's request for review on this issue and remands the matter to the ALJ to determine the status of Plaintiff's mental impairment and its effect on Plaintiff's ability to work, an inquiry which may, and probably should, include a psychiatric consultative examination.

5. The Clerk of Court is directed to **CLOSE** this action for statistical purposes.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**